IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 15, 2004

## STATE OF TENNESSEE v. TRAVIS LAMONT WILLIAMS

**Appeal from the Criminal Court for Knox County**
**Nos. 77656, 78103      Richard Baumgartner, Judge**

_____

**No. E2004-00009-CCA-R3-CD - July 26, 2004**

_____

The defendant, Travis Lamont Williams, pled guilty in the Knox County Criminal Court to attempted carjacking, a Class C felony; burglary of a vehicle, a Class E felony; and felony vandalism, also a Class E felony. Pursuant to a plea agreement, the defendant received consecutive sentences of six years for the attempted carjacking, two years for the burglary, and one year for the vandalism, for an effective nine-year sentence with the manner of service to be determined by the trial court. After a sentencing hearing, the trial court denied the defendant's request for enhanced probation and ordered that he serve his sentences in the Department of Correction. The defendant appeals, claiming that the trial court erred by sentencing him to confinement. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Travis Lamont Williams.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Marsha Mitchell, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the defendant's participation in a carjacking on April 29, 2003, and his involvement in a burglary on April 30, 2003. With regard to the defendant's attempted carjacking conviction, the presentence report reflects that the defendant and two accomplices approached the victim's vehicle, which was stopped at an intersection. One accomplice jumped into the vehicle and pulled the keys from the ignition while the other accomplice jabbed a sharp object through one of the vehicle's windows, injuring the victim's neck. The second accomplice struck the victim again on the left side of his body. The defendant kicked the victim when the victim jumped from the

vehicle and tried to escape. All three individuals punched and kicked the victim while he was lying on the ground. As to the burglary and vandalism convictions, the presentence report reflects that the defendant knocked this victim's fence down in order to steal a vehicle, and then drove the vehicle at officers after being ordered to stop. He later parked the vehicle and fled on foot. When the defendant was apprehended by officers, a plastic bag of marijuana fell from his pants leg.

The presentence report reflects that the then twenty-four-year-old defendant dropped out of school in the eleventh grade and was single with two children. The report shows that the defendant has multiple prior convictions, several involving theft. The defendant also has been convicted of juvenile offenses, including theft and leaving the scene of an accident. In the report, the defendant stated that he was in good health. He also stated that he rarely drank alcohol but that he had smoked marijuana two to three times a day since he was seventeen. He said, however, that he had completed a drug program. The report also reflects that the defendant is a member of the Gangster Disciples.

At the sentencing hearing, the trial court stated that the defendant was not an appropriate candidate for probation and ordered that his sentences be served in confinement. In making this determination, the trial court stated that the court had placed the defendant on enhanced probation twice before and that each time, the probation had been revoked. The court noted that the defendant had a lengthy criminal history for his age. The court also considered the defendant's use of violence in the carjacking.

The defendant contends that the trial court improperly denied his request for enhanced probation. He argues that his prior record, the past revocations of his probation, and his conduct in the present case do not automatically disqualify him from receiving probation. The state responds that the trial court properly denied the defendant's request for alternative sentences. We agree with the state.

When a defendant appeals the manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). However, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentence is improper. T.C.A. § 40-35-401(d), Sentencing Commission Comments. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

When determining if incarceration is appropriate, a trial court should consider that (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit

similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. Ashby, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A), (C)). Additionally, a trial court should consider a defendant's potential or lack of potential for rehabilitation. T.C.A. § 40-35-103(5).

Initially, we note any evidence presented at the guilty plea hearing should be considered in determining the appropriate sentence. See T.C.A. § 40-35-210(b)(1). However, the defendant has failed to include in the record on appeal a transcript of the guilty plea hearing relating to his convictions. It is the duty of the defendant to prepare a fair, accurate, and complete record on appeal to enable meaningful appellate review. T.R.A.P. 24. Failure to include the transcript of the guilty plea hearing in the record prohibits the court's conducting a full de novo review of the sentence under T.C.A. § 40-35-210(b).

In any event, we conclude that the trial court did not err by ordering the defendant to serve his sentences in incarceration. In this case, despite receiving probation for his juvenile offenses and for offenses he committed as an adult, the defendant continued to act illegally, as shown by the present convictions. This does not reflect a high potential for rehabilitation. See T.C.A. § 40-35-103(1)(C). Also, because of the violent nature of the defendant's attack of the victim during the carjacking, we believe that confinement is necessary to protect society from this defendant. T.C.A. § 40-35-103(1)(A). The trial court properly denied the defendant's request for alternative sentences.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE